

Agustin De La CRUZ–VASQUEZ;
Maria Guadalupe De La Cruz–
Garcia, Petitioners,

v.

John ASHCROFT, Immigration
and Naturalization Service
Respondent.

No. 00–71024.

I & NS No. A76–354–808 A76–354–809.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2002.

Decided Feb. 13, 2002.

Before TROTT, THOMAS and
WARDLAW, Circuit Judges.

MEMORANDUM *

Petitioners seek review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), which denied their "Motion To Reconsider Based On Newly Acquired Evidence." We deny the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Our review is confined to the final order of the BIA dated August 1, 2000. In that decision, the BIA correctly concluded that although the petitioners had styled their request as a motion to reconsider, it was more appropriately construed as a motion to reopen because it was based on the submission of additional evidence.[1] After carefully considering the record, briefs, and oral arguments of the parties, we conclude that the BIA did not abuse its discretion in denying the motion to reopen because petitioners were statutorily ineligible for cancellation of removal pursuant to INA § 240B(d).[2]

PETITION DENIED.

Rene Bernal De LEON–SAMAYOA,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–71406.

I & NS No. A28–777–689.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2002.

Decided Feb. 13, 2002.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. If the motion were deemed to be a true motion for reconsideration, then it was untimely pursuant to 8 C.F.R. § 3.2(b)(2), as the BIA correctly noted.

2. Contrary to the BIA's decision, there was a basis in the record for concluding that the petitioners satisfied the continuous presence requirement of 8 U.S.C. § 1229b(b) because petitioners tendered some evidence that they first entered the country in 1986. However, given the resolution of this case, we need not address this issue.

Before TROTT, THOMAS and
WARDLAW, Circuit Judges.

ORDER *

The Petition for Review is Denied.

**Claudia De La Cruz VASQUEZ,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 00–71477.
I & NS No. A75–486–680.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2002 *.

Decided Feb. 13, 2002.

Before TROTT, THOMAS and
WARDLAW, Circuit Judges.

MEMORANDUM **

Claudia de la Cruz Vasquez ("Vasquez"
or "Petitioner"), a native and citizen of
Mexico, petitions for review of a decision
by the Board of Immigration Appeals
("BIA") denying her motion to reopen.
We have jurisdiction pursuant to 8 U.S.C.
§ 1252(b), and we deny the petition.

A "petition for review must be filed not
later than 30 days after the date of the
final order of removal." 8 U.S.C.
§ 1252(b)(1). The Immigration Judge
("IJ") found Petitioner removable on No-
vember 24, 1997. Petitioner was advised
of the date by which any appeal must be
filed with the BIA—December 24, 1997.
The IJ also warned Vasquez that her fail-
ure to depart as ordered would render her
ineligible for relief from removal. Vasquez
did not file her appeal until December 31,
1997. The BIA, therefore, correctly con-
cluded that Petitioner's appeal was untime-
ly, and dismissed the appeal on June 24,
1998. The November 24 removal order
became final. 8 C.F.R. § 3.39 ("Except
when certified to the Board, the decision of
the Immigration Judge becomes final upon
waiver of appeal or upon expiration of the
time to appeal if no appeal is taken which-
ever occurs first.").

Vasquez did not file her motion to re-
open alleging ineffective assistance of
counsel until July 20, 1998. Generally,
motions to reopen "must be filed no later
than 90 days after the date on which the
final administrative decision was rendered
in the proceeding sought to be reopened,
or on or before September 30, 1996, which-
ever is later." 8 C.F.R. § 3.2(c)(2). Be-
cause the IJ's final decision was rendered
on November 24, 1997, Petitioner was re-
quired to file a motion to reopen no later

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.